Paul T. Rubery, Esq. Town Attorney, Palmyra
You have asked whether one person may hold simultaneously the positions of town board member and highway superintendent of a village located in the town.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent consistency in the positions.
In previous opinions of this office, we have held that the two offices of town board member and member of a board of trustees of a village in the town are incompatible (1980 Op Atty Gen [Inf] 119, 158). We found that under sections 141 and 277 of the Highway Law, a town board is authorized to exempt, in its discretion, all property within an incorporated village in the town from the levy of town taxes for certain highway items in the budget (these items include expenditures of certain highway machinery and for the removal of obstructions caused by snow and for other miscellaneous purposes; see, § 141[3], [4]). Thus, at least once every year, in adopting the town's budget, the board is faced with the decision whether to charge an incorporated village maintaining its own road system for certain components of the highway portion of the budget. Because this decision is inevitable and involves the balancing of the interests of the two municipalities, we concluded that one person may not serve simultaneously as a town board member and member of the board of trustees of a village in the town.
We believe that the basis for these opinions applies also to the positions of town board member and highway superintendent of a village in the town. The town board member will be faced inevitably with the same decisions. As the superintendent of highways of the village, not only might the individual's loyalties be divided, but also the individual will have an interest in maintaining the village's highway budget at an adequate level. Presumably, should village residents get taxed for these components of the town highway budget, this could cut into the funds available for the village's highway budget.
We conclude that one person may not serve simultaneously as a member of a town board and as a highway superintendent of a village in the town.